UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

The New York Blower Company,

    Plaintiff,

v.      Case No. 2:15-cv-1089

Doug Nelson, Dynamic Fan Corporation, and
Air Systems Engineers, LLC,

    Defendants.

# COMPLAINT

Plaintiff, The New York Blower Company ("New York Blower"), for its Complaint against Dynamic Fan Corporation ("Dynamic Fan"), Air Systems Engineers, LLC ("ASE"), and Doug Nelson (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, false advertising, and false designation of origin under the Lanham Act; fraudulent representation under Wis. Stat. 100.18; and unfair competition and breach of contract under Wisconsin common law.

## PARTIES

2. The New York Blower Company is an Indiana company with its principal place of business at 7660 Quincy Street, Willowbrook, Illinois 60527.

3. Dynamic Fan Corporation is a Wisconsin corporation with its principal place of business at 690 South Airport Rd. Phillips, Wisconsin 54555.

4. Air Systems Engineers LLC is a Wisconsin limited liability company with its principal place of business at 305 Wilmont Drive, Waukesha, Wisconsin 53189.

5. Doug Nelson is a Wisconsin citizen and is domiciled in Wisconsin. Upon information and belief, Doug Nelson resides at 205 Windsor Drive, Waukesha, Wisconsin 53186.

## NEW YORK BLOWER's TRADEMARKS

6. For more than 100 years, New York Blower has engineered, manufactured, advertised, and sold fans and blowers under the name The New York Blower Company and the abbreviation NYB.

7. New York Blower owns at least three federally registered trademarks in connection with fans and blowers.

8. New York Blower owns U.S. Registration No. 1,666,623 for the standard character mark THE NEW YORK BLOWER COMPANY for use in connection with fans and blowers for commercial and industrial processes and component parts thereof, including blades, rotors, dampers, inlet cones, flanges, coils, silencers, shafts, housings, inlet boxes, safety guards, and steam coils. The application was filed on January 7, 1991. The identified date of first use in commerce of the trademark is 1893. A true and correct copy of this registration is attached as **Exhibit A**.

9. New York Blower owns U.S. Registration No. 1,669,311 for an illustration containing the words NYB THE NEW YORK BLOWER COMPANY for use in connection with fans and blowers for commercial and industrial processes and component parts thereof, including blades, rotors, dampers, inlet cones, flanges, coils, silencers, shafts, housings, inlet boxes, safety guards, and steam coils. The application was filed on January 25, 1991. The identified date of

first of use in commerce of the trademark is 1893.  A true and correct copy of this registration is attached as **Exhibit B**.

10. New York Blower owns U.S. Registration No. 4,547,342 for the standard character mark NYB for use in connection with ventilating fans and blowers for commercial and industrial processes and component parts thereof, namely, blades, rotors, dampers, inlet cones, flanges, coils, silencers, shafts, housings, inlet boxes, safety guards, and steam coils.  The application was filed on October 11, 2013.  The identified date of first use in commerce of the trademark is April 1949.  A true and correct copy of this registration is attached as **Exhibit C**.

11. New York Blower has invested substantial time, money, and effort developing and promoting the New York Blower trademarks, which New York Blower has used continuously in interstate commerce in association with its fans and blowers for at least 65 years and, in some case, for over 120 years.  Through advertising and promotion of New York Blower's trademarks, New York Blower has acquired consumer goodwill throughout the United States.  For purchasers and potential purchasers, the New York Blower trademarks represent the favorable recognition and substantial goodwill that is associated with New York Blower and New York Blower's goods.

12. New York Blower's U.S. Registration Nos. 1,666,623; 1,669,311; and 4,547,342 are valid and in good standing.  The registration certificates attached as Exhibits 1–3 are *prima facie* evidence of the validity of the registrations, *prima facie* evidence of New York Blower's ownership of each registration, and *prima facie* evidence New York Blower's exclusive nationwide right to use its trademarks in connection with the goods set forth in each certificate of registration.

13. New York Blower uses and has used continuously its trademarks on its fans and blowers.

14. As a result of New York Blower's use and promotion of its trademarks, New York Blower's trademarks serve to identify New York Blower as the source of its goods.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this Complaint under 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and 28 U.S.C.§ 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks). This Court has supplemental jurisdiction over the Wisconsin statutory fraudulent representation claim, common law unfair competition claim, and common law breach of contract claim under 28 U.S.C. § 1338(b) and 28 U.S.C § 1367.

16. This Court has personal jurisdiction over the Dynamic Fan because it does business in Wisconsin and is a domestic corporation. This Court has personal jurisdiction over and ASE because it does business in Wisconsin and is a domestic limited liability company. This Court has personal jurisdiction over Doug Nelson because he is domiciled in Wisconsin. This Court additionally has personal jurisdiction over the Defendants because their acts within Wisconsin caused the injury stated in the Complaint.

17. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this judicial district, a substantial part of the events giving rise to the claims stated in this Complaint occurred in this judicial district, and Defendants are subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

18. New York Blower designs and manufactures fans and blowers to move air in all types of commercial and industrial applications, including industrial, pollution control, waste water treatment, ethanol production, graphic arts, dust and fume control.

19. New York Blower prides itself on the excellent quality and dependability of its products. All New York Blower products undergo extensive air performance, sound and quality assurance testing prior to release to the market. As a result of this dedication to product quality, excellent product quality has been a signature feature of the New York Blower brand.

20. New York Blower sells its fans worldwide using its network of sales representatives and distributors.

21. On May 28, 2015, one of New York Blower's Dallas-based sales representatives toured a facility of one of New York Blower's clients.

22. When this sales representative viewed the client's already installed fans, he saw that the fans had nameplates and information bearing New York Blower's trademarks but had serial numbers that did not make sense under New York Blower's numbering system. True and correct copies of that sales representative's observations are attached as **Exhibit D** and **Exhibit E**.

23. New York Blower contacted the client and found out that the client believed it did purchase fans manufactured by New York Blower.

24. Upon further investigation, New York Blower discovered that the client had purchased the fans from Defendant, ASE, a New York Blower sales representative at the time. New York Blower, however, had no knowledge and did not authorize the sales of the fans bearing the nonsensical serial numbers.

25. Upon information and belief, Defendant Doug Nelson was the principal and managing member of ASE.

26. Upon information and belief, ASE and Doug Nelson had contracted with at least one manufacturing company to produce counterfeit fans using New York Blower's schematics, designs, and know-how.

27. One of these manufacturing companies was Defendant, Dynamic Fan.

28. Upon information and belief, Doug Nelson contracted with Dynamic Fan as ASE without the knowledge or consent of the other members of ASE.

29. Upon information and belief, Doug Nelson directed and instructed Dynamic Fan to make the fans pursuant to New York Blower's design.

30. Upon information and belief, ASE and Doug Nelson additionally contracted with a local trophy company to produce fake nameplates bearing New York Blower's trademarks and fabricated nonsensical serial numbers.

31. Upon information and belief, Doug Nelson contracted with a local trophy company as ASE without the knowledge or consent of the other members of ASE.

32. Upon information and belief, Doug Nelson directed and instructed the local trophy company to produce nameplates bearing New York Blower's trademarks.

33. Upon information and belief, ASE, Doug Nelson, and/or the local trophy company provided these fake nameplates to Dynamic Fan to affix to the counterfeit fans.

34. Dynamic Fan manufactured fans using New York Blower's schematics, designs, and know-how, and then affixed the fake nameplates to the counterfeit fans.

35. Dynamic Fan affixed the nameplates bearing New York Blower's trademark(s) under the direction of Doug Nelson.

36. ASE and Doug Nelson sold the counterfeit fans by deceiving clients into believing that the fans were genuine New York Blower fans.

37. Upon information and belief, Defendants had been operating under this scheme since at least as early as 2008 on multiple New York Blower clients and have produced more than 250 counterfeit fans.

38. ASE's and Doug Nelson's already long term brazen conduct was additionally wrongful because New York Blower has an exclusive sales agreement with ASE.

39. On October 6, 2008, New York Blower entered into an exclusive sales contract with ASE where New York Blower granted ASE the exclusive right to sell New York Blower products in specified counties in Michigan and Wisconsin. Attached as **Exhibit F** is a true and correct copy of this contract.

40. Under the terms of the contract, ASE was required to notify New York Blower at least 30 days prior to signing a contract to represent principals not listed in the contract, and was prohibited from representing any principals whose business is in direct competition from New York Blower.

41. Dynamic Fan was not listed in the contract.

42. ASE was contractually prohibited from selling fans manufactured by Dynamic Fan.

43. New York Blower never consented to allowing ASE or Doug Nelson to represent Dynamic Fan, or to allow Dynamic Fan to compete with New York Blower.

44. Defendants retained all profits from the unlawful sales.

-7-

## COUNT I (Against all Defendants)
## TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114

45. New York Blower incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

46. New York Blower owns U.S. Registration Nos. 1,666,623; 1,669,311; and 4,547,342, which cover at least fans and blowers.

47. Defendants have used and are using spurious designations identical with or substantially indistinguishable from to New York Blower's registered trademarks. *See, e.g.,* **Exhibits D** and **E**.

48. Defendants have used and are using spurious trademarks that are identical with, or substantially indistinguishable from New York Blower's registered trademarks. *Id.*

49. Defendants have intentionally and willfully used spurious designations knowing they are counterfeit in connection with the advertising, sale, and offering for sale of blowers and fans for Defendants' own financial gain.

50. Defendants' intentional and willful conduct makes this an exceptional case.

51. New York Blower did not authorize the Defendants to use its trademarks at the time the fans were manufactured or produced.

52. Defendants' unauthorized use of New York Blower's registered trademarks as set forth above is likely to:

    a. Cause confusion, mistake, and deception;

    b. Cause consumers to believe that Defendants' counterfeit fans are the same as New York Blower's fans, to believe that Defendants are authorized, sponsored, or approved by New York Blower, cause consumers to believe that Defendants are

-8-

Case 2:15-cv-01089-JPS   Filed 09/04/15   Page 8 of 18   Document 1

    affiliated, connected, or associated with or in some way related to New York Blower; and

  c. Result in Defendants' unfairly benefiting from New York Blower's advertising and promotion, and profiting from the reputation of New York Blower and its registered trademarks.

53. As a result, Defendants' unauthorized use is likely to cause substantial and irreparable injury to the public, New York Blower, and New York Blower's registered trademarks, including the substantial goodwill represented thereby.

54. Upon information and belief, Defendants' have made and will continue to make substantial profits or gains to which they are not entitled in law or equity.

55. Defendants' acts as set forth herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. Defendants' acts as set forth herein further constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Such conduct entitles New York Blower to injunctive relief, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees or, at New York Blower's election, statutory damages of up to $2,000,000 per counterfeit mark per type of goods advertised, sold and/or offered for sale, under 15 U.S.C. § 1117(c)(2).

### COUNT II (Against all Defendants)
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

57. New York Blower incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

58. New York Blower owns U.S. Registration Nos. 1,666,623; 1,669,311; and 4,547,342, which cover at least fans and blowers.

59. New York Blower uses and has used each of its registered trademarks for an extended period of time to promote and advertise its goods, including fans and blowers. This continuous use has led consumers to identify New York Blower as the source of the goods bearing its trademarks.

60. Defendants have without authorization used marks identical to or confusingly similar to New York Blower's trademarks. *See, e.g.,* **Exhibits D** and **E**.

61. Defendants' foregoing acts are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' counterfeit fans originate from, or are affiliated with, sponsored by, or endorsed by New York Blower.

62. New York Blower has no control over the nature or quality of Defendants' counterfeit fans. Any failure, neglect, damage, or default by Defendants in providing fans will reflect adversely on New York Blower as the believed source or origin thereof, which will hinder and damage New York Blower's ongoing effort to protect its outstanding reputation for quality and technical excellence.

63. Upon information and belief, Defendants' have made and will continue to make substantial profits or gains to which they are not entitled in law or equity.

64. Defendants' acts as set forth herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65. Defendants have deliberately and willfully infringed New York Blower's trademarks. As a result of Defendants' deliberate and willful infringement, New York Blower is entitled to damages, Defendants' profits, attorneys' fees and costs, and any and all relief authorized by 15 U.S.C. § 1117.

66. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by the Court.

67. Defendants' acts have damaged and will continue to damage New York Blower, and New York Blower had no adequate remedy at law.

68. New York Blower has been and continues to be irreparably harmed by such infringement unless this Court enjoins Defendants from their continuing infringement under 15 U.S.C. § 1116.

## COUNT III (Against all Defendants)
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)

69. New York Blower incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

70. Defendants' conduct as alleged in the complaint, including their use of spurious nameplates bearing New York Blower's trademarks or confusingly similar trademarks to sell fans, constitutes false designation of origin, a violation of 15 U.S.C. § 1125(a)(1)(A). *See, e.g.,* **Exhibits D** and **E**.

71. Defendants' use of New York Blower's trademarks or confusingly similar trademarks is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' with New York Blower, or as to the origin, sponsorship, or approval of Defendants' goods by New York Blower.

72. Upon information and belief, Defendants' have made and will continue to make substantial profits or gains to which they are not entitled in law or equity.

73. Upon information and belief, Defendants intend to continue their wrongful acts unless restrained by the Court.

-11-

74. Defendants' acts have damaged and will continue to damage New York Blower, and New York Blower had no adequate remedy at law.

### COUNT IV (Against ASE and Doug Nelson)
### FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B)

75. New York Blower incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

76. Defendants' conduct as alleged in the complaint, including their use of spurious nameplates bearing New York Blower's trademarks or confusingly similar trademarks to sell fans, constitutes false advertising, a violation of 15 U.S.C. § 1125(a)(1)(B).

77. Defendants' use of New York Blower's trademarks or confusingly similar trademarks in commercial advertising or promotion misrepresents the nature, characteristics, or qualities of Defendants' and New York Blower's goods, services, or commercial activities. *See, e.g.,* **Exhibits D** and **E**.

78. Upon information and belief, Defendants' have made and will continue to make substantial profits or gains to which they are not entitled in law or equity.

79. Upon information and belief, Defendants intend to continue their wrongful acts unless restrained by the Court.

80. Defendants' acts have damaged and will continue to damage New York Blower, and New York Blower had no adequate remedy at law.

### COUNT V (Against all Defendants)
### UNFAIR COMPETITION UNDER WISCONSIN COMMON LAW

81. New York Blower incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

82. Defendants' acts set forth above have created, and unless restrained by this Court, will continue to create, a likelihood of confusion and deception to the consuming public, causing irreparable injury to New York Blower for which New York Blower has no adequate remedy at law.

83. Defendants' conduct constitutes unfair competition under the common law of Wisconsin by a deliberate course of conduct, all without authorization, license, privilege, or justification.

84. Defendants' conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with New York Blower to New York Blower's substantial and irreparable injury.

85. Upon information and belief, Defendants' have made and will continue to make substantial profits or gains to which they are not entitled in law or equity.

86. Upon information and belief, Defendants intend to continue their wrongful acts unless restrained by the Court.

87. Defendants' acts have damaged and will continue to damage New York Blower, and New York Blower had no adequate remedy at law.

### COUNT VI (Against all Defendants)
### FRAUDULENT REPRESENTATION UNDER WIS. STAT. 100.18

88. New York Blower incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

89. Defendants' made a representation to the public with the intent to induce an obligation by using New York Blower's name and trademarks to sell counterfeit fans without authorization.

90. Defendants' representation was untrue, deceptive, and misleading because the counterfeit fans were not manufactured by, sponsored by, authorized by, or in any way associated with New York Blower.

91. Defendants' representation caused a pecuniary loss to New York Blower in at least lost sales of fans and harm to New York Blower's reputation.

92. Upon information and belief, Defendants' have made and will continue to make substantial profits or gains to which they are not entitled in law or equity.

93. Upon information and belief, Defendants intend to continue their wrongful acts unless restrained by the Court.

94. Defendants' acts have damaged and will continue to damage New York Blower, and New York Blower had no adequate remedy at law.

## COUNT VII (Against ASE)
### BREACH OF CONTRACT

95. New York Blower incorporates by reference the allegations of each of the above paragraphs as if fully set forth herein.

96. On October 6, 2008, New York Blower executed a Sales Representative Agreement with ASE.

97. Doug Nelson signed the agreement on behalf of ASE.

98. Paragraph 5 of the Sales Representative Agreement states that "Sales Representative shall notify NYB at least 30 days prior to signing a contract to represent other principals and at the time of deleting any principals. Sales Representative shall not represent any principals whose business is in direct competition with NYB, without prior written consent from NYB."

99. Paragraph 7 of the Sales Representative Agreement states that "Sales Representative shall not use NYB's name on any stationary, document, or advertising not provided by NYB without prior written consent from NYB."

100. The Sales Representative Agreement was supported by valid consideration, including New York Blower's agreement to pay and payment of commissions to ASE and Doug Nelson for sales.

101. ASE and Doug Nelson breached at least Paragraphs 5 and 7 of the Sales Representative Agreement through acts described above, including by selling counterfeit fans bearing New York Blower's name and trademark to New York Blower's client without authorization.

102. As a result of ASE's and Doug Nelson's breach, New York Blower suffered and continues to suffer damages.

103. New York Blower fully performed its obligations under the Sales Representative Agreement.

104. New York Blower is entitled to recover damages and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, New York Blower respectfully requests that this Court enter judgment against Defendants as follows:

A. Finding that: (1) Defendants have committed trademark counterfeiting in violation of 15 U.S.C. § 1114; (2) Defendants have committed trademark infringement in violation of 15 U.S.C. § 1114; (3) ASE and Doug Nelson have committed false advertising in violation of 15 U.S.C. § 1125; (4) Defendants have committed false designation of origin in violation of 15 U.S.C. § 1125; (5) Defendants have committed fraudulent representation in

violation of Wis. Stat. 100.18; (6) Defendants have committed unfair competition in violation of Wisconsin common law; and (7) ASE has breached a valid and enforceable contract with New York Blower.

  B. Preliminarily and permanently enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the New York Blower name or New York Blower's trademarks or any other mark substantially or confusingly similar thereto; and engaging in any other activity constituting unfair competition with New York Blower, or acts and practices that deceive consumers, the public, or trade, including without limitation, the use of New York Blower's name and trademarks.

  C. Preliminarily and permanently enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that compete with New York Blower in the territory of the ASE contract.

  D. Awarding New York Blower statutory damages of $2,000,000 per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. 1117(c)) or alternatively, ordering Defendants to account to and pay to New York Blower all profits realized by their wrongful acts and also awarding New York Blower its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. 1117).

E.	Awarding New York Blower its costs, attorneys' fees, investigatory fees, and expenses.

F.	Awarding New York Blower actual and punitive damages for Defendants' acts of unfair competition and fraudulent representation.

G.	Awarding New York Blower expectation damages, consequential damages, and incidental damages for ASE's and Doug Nelson's breach of contract.

H.	Awarding New York Blower pre-judgment interest on any monetary award.

I.	Awarding New York Blower such additional and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, The New York Blower Company, hereby demands a trial by jury in this action on all claims and issues triable before a jury.

Dated this 4th day of September, 2015.

/s/ *Johanna M. Wilbert*
Respectfully submitted,
Johanna M. Wilbert, Bar No. 1060853
johanna.wilbert@quarles.com
Michael T. Piery, Bar No. 1094654
michael.piery@quarles.com
QUARLES & BRADY LLP
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202
Tel.: 414.277.5000
Fax: 414.978.8942

Christian G. Stahl, Illinois Bar No. 6290825
christian.stahl@quarles.com
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois, 60654
Tel.: 312.715.5000
Fax: 312.715.5155

***Attorneys for Plaintiff The New York Blower Company***

QB\158186.00002\36506120.3